581 A.2d 898

IN RE MOUNTAIN RIDGE STATE BANK, A BANKING INSTITUTION INCORPORATED PURSUANT TO THE BANKING ACT OF 1948.

Superior Court of New Jersey
Appellate Division

Argued October 10, 1990—Decided October 22, 1990.

Before Judges ANTELL, SCALERA and KEEFE.

*Joel L. Shain* argued the cause for appellant Mountain Ridge State Bank (*Shain, Schaffer & Rafanello,* attorneys; *Joel L. Shain,* on the brief).

*Mary Ellen Edwards* argued the cause for respondent Federal Deposit Insurance Corporation (*Cassidy, Foss & San Filippo,* attorneys; *Roger J. Foss,* on the brief).

*Sharon L. Young,* Deputy Attorney General, argued the cause for respondent Commissioner of Banking (*Robert J. Del Tufo,* Attorney General of New Jersey, attorney; *Sharon L. Young,* on the brief).

The opinion of the court was delivered by

ANTELL, P.J.A.D.

Effective 3:00 p.m., Friday, October 5, 1990, the Commissioner of Banking ordered that the property and business of Mountain Ridge State Bank be conveyed "forthwith" to the Commissioner and that all books, records and other documents pertaining to the business of the bank be surrendered upon the taking of possession. The Commissioner's order was entered pursuant to *N.J.S.A.* 17:9A–269A(1), (4) and (6), based on his determina-

tions that (1) Mountain Ridge State Bank had failed to comply with his Cease and Desist Order issued May 4, 1989, under *N.J.S.A.* 17:9A–267A, (2) the bank was insolvent and (3) that it was in an unsafe and unsound condition. The Commissioner simultaneously appointed the Federal Deposit Insurance Corporation ("FDIC") as Receiver of the bank with authority "to take any action it is authorized to take which it determines to be in the best interest of the institution, its depositors, or itself." The FDIC thereupon entered into an agreement to transfer the deposit liabilities and certain assets of Mountain Ridge State Bank to a newly formed subsidiary of Hudson Holding Company to be known as the Mountain Ridge Bank, which would carry on the operations previously conducted by Mountain Ridge State Bank. We were advised that the transfer was completed over the three-day Columbus Day weekend and that the newly formed bank was functioning as of the start of business on Tuesday morning, October 9, 1990.

The actions of the Commissioner and the FDIC, as well as the factual and legal determinations upon which they were based, were taken and arrived at without notice to Mountain Ridge State Bank and without allowing the bank an opportunity to be heard. Mountain Ridge State Bank denies that it violated the Cease and Desist Order, denies that it is insolvent and denies that it is being operated in an unsafe or unsound condition. The parties agree that because Mountain Ridge State Bank was never given a chance to address these issues, a hearing must now be granted. *See Federal Deposit Insurance Corporation v. American Bank Trust Shares, Inc.*, 629 *F.*2d 951, 955 (4th Cir.1980).

Although a post-seizure hearing is not provided for by the banking statute under which the Commissioner acted, "[i]n appropriate cases, a court has the power to engage in "judicial surgery" or the narrow construction of a statute to free it from constitutional doubt or defect.' " *Matter of Kimber Petroleum Corp.*, 110 *N.J.* 69, 83, 539 *A.*2d 1181 (1988) (quoting *N.J. Chamber of Commerce v. N.J. Elec. Law Enforcement*

*Comm'n,* 82 *N.J.* 57, 75, 411 *A.*2d 168 (1980)). In *Kimber,* the Supreme Court read into the Spill Compensation and Control Act, *N.J.S.A.* 58:10–23.11, the right to a hearing to establish a good-cause defense to a treble damage action for noncompliance with a directive of the Department of Environmental Protection. *See also Avon Products, Inc. v. N.J. Department of Environmental Protection,* 243 *N.J.Super.* 375 at 379, 579 *A.*2d 831 at 833 (App.Div.1990) (Seller of industrial property not obliged to meet Department of Environmental Protection's cleanup standards until accorded a hearing into the rationality of those standards, notwithstanding terms of an administrative consent order which allowed sale of property conditioned upon seller's later implementation of "any NJDEP approved Cleanup Plan" under Environmental Cleanup Responsibility Act, *N.J. S.A.* 13:1K–6).

It is unnecessary for us to forecast at this time what impact the hearing's outcome may have on the actions taken by the FDIC to date. What is essential is that Mountain Ridge State Bank be afforded the due process necessary to any exercise by the Commissioner of his power to act with finality under *N.J.S.A.* 17:9A–269A.

*R.* 2:5–5(b), under which we now act, provides:

(b) Supplementation of Administrative Record. At any time during the pendency of an appeal from a state administrative agency, if it appears that evidence unadduced in the proceedings below may be material to the issues on appeal, the appellate court, on its own motion or on the motion of any party, may order, on such terms as it deems appropriate, that the record on appeal be supplemented by the taking of additional evidence and the making of findings of fact thereon by the agency below or, in exceptional instances, by a judge of the Superior Court especially designated for that purpose.

The matter is remanded to the Commissioner of Banking, who is directed to refer the matter immediately to the Office of Administrative Law as a contested case pursuant to the Administrative Procedure Act, *N.J.S.A.* 52:14B–9, for a full hearing and a recommended report and decision that contains recommended findings of fact and conclusions of law. The Commissioner of Banking shall thereupon act upon the recommended

report and decision in accordance with *N.J.S.A.* 52:14B–10. The Director of the Office of Administrative Law is directed to advise this court by letter within 15 days of the filing date of this opinion as to the approximate date by which it is reasonably anticipated that the recommended report and decision will be completed. We retain jurisdiction.